CHICAGO SMSA LIMITED PARTNERSHIP *et al.*, Petitioners-Appellants, v. ILLINOIS COMMERCE COMMISSION, Respondents-Appellees.

Third District   No. 3—96—0189

Opinion filed October 16, 1996.

Edward A. Butts and Paul T. Dahlquist, both of Chicago, for appellants.

David Nixon, of Illinois Commerce Commission, of Chicago, for appellee.

PRESIDING JUSTICE BRESLIN delivered the opinion of the court:

The petitioners, Chicago SMSA Limited Partnership, Illinois SMSA Limited Partnership, Cybertel Cellular Telephone Company, and Illinois RSA 6 & 7 Limited Partnership (petitioners), appeal an order of the Illinois Commerce Commission (Commission) that determined that they were required to pay the public utility tax on revenues generated by their provision of cellular telephone services.

We hold that, under the plain language of the tax statute, the petitioners have no taxable revenue. Therefore, we reverse.

The petitioners provide wireless telecommunication services under the Ameritech brand name. Although providers of these services were formerly required to file tariffs with the Commission for the services they provide, the Commission excused Chicago SMSA Limited Partnership from the tariff filing requirement in 1987 by exercising its rulemaking authority pursuant to section 13—203 of the Public Utilities Act (Act) (220 ILCS 5/13—203 (West 1994)). However, the Commission pointed out in its order that Chicago SMSA Limited Partnership would continue to be subject to the remaining provisions of the Act, including the public utility tax requirement of section 2—202 (220 ILCS 5/2—202 (West 1994)). In subsequent rulemaking proceedings, the Commission granted the same exemption to the remaining petitioners. See 83 Ill. Adm. Code § 760.20 (1992); 83 Ill. Adm. Code § 760.10 (1987).

In 1995, the petitioners filed estimated gross revenue returns showing that no revenues would be subject to the tax. The Commission responded by issuing a citation order that required the petitioners to show cause why the Commission should not take action to enforce section 2—202 of the Act. Because there was no factual dispute, no evidentiary hearing was held and the parties submitted briefs on the issue of whether the public utility tax applied to the petitioners' revenues.

In a proposed order, the Commission hearing examiner pointed out that utilities are only required to pay tax on revenues collected pursuant to rates that the utility is required to file with the Commission. Because the petitioners were no longer required to file any rates, the hearing officer concluded that they had no revenue for purposes of the public utility tax. The Commission, however, rejected the proposed order. The Commission observed that the original order excusing Chicago SMSA Limited Partnership from the tariff filing requirement specifically stated that the carrier would continue to be subject to the public utility tax requirement of section 2—202 of the Act. In addition, the Commission concluded that the petitioners must pay the public utility tax because the policy statement in section 2—202 provides that regulated utilities should bear the cost of regulation. After the Commission denied their petition for rehearing, the petitioners filed this appeal.

The issue on appeal is whether the Commission properly interpreted section 2—202 of the Act.

■ When interpreting a statute, a court's primary objective is to ascertain and give effect to the intent of the legislature, and that

intent is best evidenced by the language used by the legislature. *Thomas M. Madden & Co. v. Department of Revenue*, 272 Ill. App. 3d 212, 651 N.E.2d 218 (1995). The interpretation of a statute by an agency charged with its administration is accorded deference, but it is not binding on the appellate court. *Parisi v. Jenkins*, 236 Ill. App. 3d 42, 603 N.E.2d 566 (1992). Although a policy declaration may be used to clarify ambiguous provisions of a statute, it may not be used to create ambiguity where none exists. *Illinois Independent Telephone Ass'n v. Illinois Commerce Comm'n*, 183 Ill. App. 3d 220, 539 N.E.2d 717 (1988).

■ Under section 2—202 of the Act, utilities are required to pay a tax equal to a percentage of their gross revenues. According to section 3—121 of the Act:

"As used in Section 2—202 of this Act, the term 'gross revenue' includes all revenue which (1) is collected by a public utility subject to regulations under this Act (a) pursuant to the rates, other charges, and classifications which it is required to file under Section 9—102 of this Act ***." 220 ILCS 5/3—121 (West 1994).

■ Once the Commission excused the petitioners from the Act's tariff filing requirements, the revenue generated by the petitioners' cellular telephone services was not collected pursuant to a rate or classification which the petitioners were required to file under the Act. Therefore, such revenue cannot be considered gross revenue for purposes of section 2—202. Because the petitioners' services do not generate any "gross revenue" as that term is defined in section 3—121, it is clear that they have no tax liability under section 2—202 of the Act. Accordingly, we hold that the petitioners are not obligated to pay public utility tax on the revenue generated by their cellular telephone services.

The Commission points out, however, that when it excused Chicago SMSA Limited Partnership from the tariff filing requirement in 1987, it made clear in its order that the carrier would continue to be subject to the public utility tax requirement of section 2—202 of the Act. According to the Commission, this determination also applies to the remaining petitioners because the Commission granted their request to be included within the scope of the 1987 order. Thus, the Commission contends that the issue of the petitioners' tax liability under section 2—202 has been previously determined and cannot be relitigated in this case. We disagree.

The Commission's 1987 order provided that the petitioners were bound by the public utility tax requirement of section 2—202. However, it did not address the issue of whether the petitioners' revenues would be considered gross revenue for purposes of that sec-

tion. Thus, the issue on appeal in the instant case was not resolved in the 1987 order. Accordingly, we reject the Commission's argument.

The Commission also claims that the petitioners are subject to the public utility tax because the policy statement in section 2—202 provides that utilities subject to regulation should bear the cost of regulation. However, it is well settled that policy declarations may only be used to clarify ambiguous provisions of a statute. *Illinois Independent Telephone Ass'n v. Illinois Commerce Comm'n*, 183 Ill. App. 3d 220, 539 N.E.2d 717 (1988). Since the Commission cannot point to any ambiguity in section 2—202 or 3—121, the policy statement is not a proper basis for imposing tax liability on the petitioners.

The petitioners have also raised other grounds for reversing the Commission's ruling in this case. However, because we have reversed on the above grounds, we need not address these contentions.

For the foregoing reasons, the decision of the Illinois Commerce Commission is reversed.

Reversed.

HOLDRIDGE and LYTTON, JJ., concur.